IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

M. KATHLEEN MCKINNEY, Regional
Director of Region 15 of the National
Labor Relations Board on behalf of
National Labor Relations Board                          PETITIONER


v.                              No. 3:14-cv-211-DPM-JJV


METAL SERVICES LLC d/b/a
Phoenix Services LLC                                    RESPONDENT


ORDER

**1.** The National Labor Relations Board, through the Regional

Director of Region 15, seeks a temporary injunction related to ongoing Board

proceedings. The Board requests the functional equivalent of a preliminary

injunction; and the Court must handle the matter expeditiously. Some

procedural brush needs clearing. First, the Board's correspondence to the

Clerk is in the nature of a letter brief. The Court directs the Clerk to file it.

Second, the Board sent the Court proof of service of all its papers on all

interested parties. The Court directs the Clerk to file it. This service was

satisfactory notice under the statute, and the Court confirms it. The Court

orders the Board to serve this Order immediately on all interested parties by U.S. mail and email (if possible), and file proof of service. Third, Metal Services must respond to the petition and motion by 26 September 2014. The Board may reply by 3 October 2014.

2. There's a recusal issue. Nucor Corporation, Nucor Steel-Arkansas, and Nucor-Yamato Steel Company (Limited Partnership) are on my recusal list. Before I became a judge in 2007, I represented Nucor entities on employment-discrimination matters. *E.g.*, *Caviness v. Nucor-Yamato Steel Co.*, 105 F.3d 1216 (8th Cir. 1997); *Bledsoe v. Nucor-Yamato Steel Co.*, 18 Fed. App'x 433 (8th Cir. 2001); *Bennett v. Nucor Corp.*, 2012 WL 3962459 (E.D. Ark. Sept. 10, 2012). I don't recall doing any labor work about unions or union organizing for any Nucor entities. Nucor is not a party here. But the Board's memorandum says that Metal Services is a contractor for Nucor Steel at the Hickman mill. That workplace is the context for the parties' dispute.

I'm concerned that a reasonable person, knowing all the circumstances, might question my impartiality in deciding the merits of this dispute. 28 U.S.C. § 455(a). No basis for mandatory disqualification is presented; and the parties may waive if they choose to do so. 28 U.S.C. § 455(e). I will, therefore, recuse unless each party notifies the Clerk of Court in writing by 19

September 2014 that it waives disqualification based on my prior representation of Nucor entities. Please do not send me a copy of your letter to the Clerk.

So Ordered.

_DPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_9 September 2014_